**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE INSURANCE HOLDINGS, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 75-2770432 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE MANAGEMENT SERVICES, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2347252 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE SERVICES, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2347255 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE UNDERWRITING SERVICES, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2347250 | ) | |

51501011.1

- 2 -

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE INSURANCE SERVICES, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 75-2828823 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE GENERAL AGENCY, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 72-1282345 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE INSURANCE GROUP, INC., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2347246 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE, L.L.C., | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 72-1282347 | ) | |

- 2 -

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Affirmative Insurance Holdings, Inc. and certain of its above-captioned wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only.  In support of this Motion, the Debtors respectfully state as follows:[1]

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of Michael J. McClure in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

- 3 -

51501011.1

**Background**

5.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.      No trustee, examiner, creditors' committee, or other official committee has been appointed in these Chapter 11 Cases.

8.      A description of the Debtors' business, capital structure, and the circumstances leading to these Chapter 11 Cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference.

**Relief Requested**

9.      By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only.  Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly.  For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

10.     The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 11 Cases under the case of Affirmative Insurance Holdings, Inc.  In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 11 Case (except that of Affirmative Insurance Holdings, Inc.) substantially as follows:

"An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Affirmative Insurance Holdings, Inc. and its affiliates that have concurrently commenced chapter 11 cases.  The docket in the chapter 11 case of Affirmative Insurance Holdings, Inc., Case No. 15-_____ (____) should be consulted for all matters affecting this case."

The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to

reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFFIRMATIVE INSURANCE HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 15-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Affirmative Insurance Holdings, Inc. (0432); Affirmative Management Services, Inc. (7252); Affirmative Services, Inc. (7255); Affirmative Underwriting Services, Inc. (7250); Affirmative Insurance Services, Inc. (8823); Affirmative General Agency, Inc. (2345); Affirmative Insurance Group, Inc. (7246); and Affirmative, L.L.C. (2347).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 150 Harvester Drive, Suite 250, Burr Ridge, Illinois 60527.

**Basis For Relief**

11.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the

same court by or against a debtor and an affiliate, "the court may order a joint administration of

the estates."  Local Rule 1015-1 further provides for joint administration of chapter 11 cases

when "the joint administration of two or more cases pending in [the] Court under title 11 is

warranted and will ease the administrative burden for the Court and the parties."  Each Debtor is

a wholly-owned direct or indirect subsidiary of Affirmative Insurance Holdings, Inc.  The

Debtors, therefore, are "affiliates" within the meaning of Bankruptcy Code section 101(2) and,

51501011.1

accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

12.    Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest.  Joint administration of these Chapter 11 Cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

13.    Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes.  See, e.g., In re ProNerve Holdings, LLC, Case No. 15-10373 (KJC) (Bankr. D. Del. Feb. 26, 2015) [Docket No. 30] ; In re Entegra Power Grp. LLC, Case No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) [Docket No. 36]; In re Source Home Entm't, LLC, Case No. 14-11553 (KG) (Bankr. D. Del. Jun. 24, 2014) [Docket No. 35]; In re Optim Energy, LLC, Case No. 14-10262 (BLS) (Bankr. D. Del. Feb. 12, 2014) [Docket No. 27]; In re Buffets Rests. Holdings, Inc., Case No. 12-10237 (MFW) (Bankr. D. Del. Jan. 19, 2012) [Docket No. 43]; In re DSI Holdings, Inc., Case No. 11-11941 (KJC) (Bankr. D. Del. June 28, 2011) [Docket No. 43].  Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

## Notice

14.    The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) JCF AFFM Debt Holdings L.P.; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the Illinois Department of Insurance; (g) the Louisiana Department of Insurance; (h) the New York Department of Financial Services; (i) the Michigan Department of Insurance and Financial Services; and (j) all parties entitled to notice pursuant to Local Rule

51501011.1

- 7 -

9013-1(m).  The Debtors submit that, under the circumstances, no other or further notice is required.

**<u>No Prior Request</u>**

15.     No prior motion for the relief requested herein has been made to this or any other court.

51501011.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1; and (b) granting such other and further relief as the Court deems appropriate.

Dated: October 14, 2015
        Wilmington, Delaware

Respectfully submitted,

POLSINELLI PC

 */s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Jarrett Vine (Del. Bar No. 5400)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
jvine@polsinelli.com

-and-

MCDERMOTT WILL & EMERY LLP
Timothy W. Walsh (*pro hac vice* pending)
Darren Azman (*pro hac vice* pending)
340 Madison Avenue
New York, New York 10173-1922
Telephone:(212) 547-5400
Facsimile: (212) 547-5444
Email:    twwalsh@mwe.com
           dazman@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*

51501011.1