IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AFFIRMATIVE INSURANCE ) | Case No. 15-12136 (CSS) |
| HOLDINGS, INC., *et al.*,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | Hearing Date: December 14, 2015 at 11:00 a.m. |
| ) | Objection Deadline: December 7, 2015 at 4:00 p.m. |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AFFIRMATIVE INSURANCE HOLDINGS, INC., *ET AL.* FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KILPATRICK TOWNSEND & STOCKTON LLP AS ITS ATTORNEYS, *NUNC PRO TUNC* TO NOVEMBER 2, 2015**

The Official Committee of Unsecured Creditors of Affirmative Insurance Holdings, Inc., *et al.* (the "Committee") submits to this Court its application (the "Application") for an order authorizing the Committee to retain and employ the law firm of Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend" or the "Firm") as its attorneys, *nunc pro tunc* to November 2, 2015, and in support thereof respectfully shows this Court as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Affirmative Insurance Holdings, Inc. (0432); Affirmative Management Services, Inc. (7252); Affirmative Services, Inc. (7255); Affirmative Underwriting Services, Inc. (7250); Affirmative Insurance Services, Inc. (8823); Affirmative General Agency, Inc. (2345); Affirmative Insurance Group, Inc. (7246); and Affirmative, L.L.C. (2347). The location of the Debtors' corporate headquarters and the service address for all Debtors is 150 Harvester Drive, Suite 250, Burr Ridge, Illinois 60527

3. The statutory predicates for the relief requested herein are §§ 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On October 14, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On October 19, 2015, this Court entered an order directing joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

5. On October 30, 2015, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 78]. The current members of the Committee are: (a) Alesco Preferred Funding X, Ltd.; (b) Alesco Preferred Funding VI, Ltd.; (c) Trapeza CDO IX, Ltd.; (d) Trapeza Edge CDO, Ltd.; and (e) The Bank of New York Mellon Trust Co., N.A, as Indenture Trustee.

6. On November 2, 2015 (the "Retention Date"), the Committee, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to section 1103 of the Bankruptcy Code, selected Kilpatrick Townsend as its lead counsel and Potter Anderson & Corroon LLP as its Delaware counsel. The Committee subsequently selected FTI Consulting, Inc. as its financial advisor. By submission of this Application, the Committee

requests that the Court enter an order authorizing the Committee to retain and employ Kilpatrick Townsend to render legal advice and services to the Committee as described herein and in the Declaration of Todd C. Meyers in Support of Application of the Official Committee of Unsecured Creditors of Affirmative Insurance Holdings, Inc. *et al.* for Entry of an Order Authorizing the Employment and Retention of Kilpatrick Townsend & Stockton LLP as Its Attorneys, *Nunc Pro Tunc* to November 2, 2015 (the "Meyers Declaration"), attached hereto as Exhibit A.

## RELIEF REQUESTED

7.     Subject to this Court's approval, the Committee desires to retain and employ Kilpatrick Townsend as its attorneys in connection with the Debtors' chapter 11 cases and all related matters.  Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, and Rule 2014 of the Bankruptcy Rules, the Committee respectfully requests that this Court enter an order authorizing the Committee to retain Kilpatrick Townsend as its attorneys to perform the legal services that will be necessary during the chapter 11 cases, effective as of the Retention Date, the first day services were rendered by Kilpatrick Townsend.

## BASIS FOR RELIEF

### Kilpatrick Townsend's Experience

8.     The Committee chose Kilpatrick Townsend because of the Firm's knowledge with regard to debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The attorneys in Kilpatrick Townsend's Bankruptcy and Financial Restructuring Group have extensive experience in all aspects of chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, chapter 11 trustees, examiners, liquidating trustees, and various other constituencies.  Accordingly,

Kilpatrick Townsend has the necessary background and experience to deal effectively with the potential legal issues and problems that may arise in the context of these chapter 11 cases.

9. Kilpatrick Townsend is both well qualified and able to represent the Committee in these chapter 11 cases efficiently and in a manner consistent with the Committee's fiduciary responsibilities imposed under section 1103 and otherwise in the Bankruptcy Code.

**Services to be Provided**

10. Kilpatrick Townsend will, in connection with these chapter 11 cases and subject to orders of this Court, provide the following services, among others, to the Committee:

   a. rendering legal advice regarding the Committee's organization, duties and powers in these cases;

   b. assisting the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and in the investigation of the extent, priority, and validity of liens and participating in and reviewing any proposed asset sales or dispositions, and any other matters relevant to these cases;

   c. attending meetings of the Committee and meetings with the Debtors and secured creditors, and their attorneys and other professionals, and participating in negotiations with these parties, as requested by the Committee;

   d. taking all necessary action to protect and preserve the interests of the Committee, including possible prosecution of actions on its behalf and investigations concerning all litigation in which the Debtors are involved;

   e. assisting the Committee in the review, formulation, analysis, and negotiation of any plan(s) of reorganization and accompanying disclosure statement(s) that may be filed;

   f. assisting the Committee in the review, analysis, and negotiation of any financing or funding agreements;

   g. assisting the Committee with respect to communications with the general unsecured creditor body about significant matters in these cases;

   h. reviewing and analyzing claims filed against the Debtors' estates;

   i. representing the Committee in hearings before the Court, appellate courts, and other courts in which matters may be heard, and representing the interests of the Committee before those courts and before the United States Trustee;

   j. assisting the Committee in preparing all necessary motions, applications, responses, reports and other pleadings in connection with the administration of these cases; and

k.  providing such other legal assistance as the Committee may deem necessary and appropriate.

11. The Committee understands that Kilpatrick Townsend intends to work closely with the Debtors' representatives, the Committee's local counsel and financial advisor, and any other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services charged to the Debtors' estates.

**Kilpatrick Townsend Represents No Other Entity Having an "Adverse Interest"**

12. To the best of the Committee's knowledge, information and belief, the partners, counsel, and associates of the Firm do not have any connection with the Debtors, their creditors or any other party in interest, or their respective attorneys, except as set forth herein and in the Meyers Declaration. The Committee is satisfied that Kilpatrick Townsend does not represent any other entity having an "adverse interest" in connection with these chapter 11 cases, as detailed in section 1103(b) of the Bankruptcy Code.

13. The Committee is advised that Kilpatrick Townsend will periodically review its files during the pendency of the Debtors' cases to ensure that no conflicts or other disqualifying circumstances exist or arise and if any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments by filing a supplemental declaration.

14. The Committee believes that Kilpatrick Townsend is eminently qualified to represent the Committee in these chapter 11 cases and the retention of Kilpatrick Townsend will allow the Committee to carry out its fiduciary duties, and is in the best interest of the creditors of the Debtors and their estates.

**Request for Approval of Retention of Kilpatrick Townsend Effective as of the Retention Date**

15.     The Committee requests that Kilpatrick Townsend's retention be made effective as of the Retention Date in order to allow Kilpatrick Townsend to be compensated for the work it performed for the Committee as of and following such date and prior to the Court's consideration and approval of this Application. Due to the size and nature of these chapter 11 cases, as well as the significant relief sought by the Debtors during the early stages of these chapter 11 cases, there was an immediate need for Kilpatrick Townsend to perform services for the Committee. Accordingly, immediately upon the selection of Kilpatrick Townsend as counsel to the Committee on the Retention Date, Kilpatrick Townsend turned its attention to urgent matters including, but not limited to, addressing a variety of issues relating to pending motions and applications. The Committee submits that, under the circumstances, and to avoid irreparable harm to the Debtors' estates that may occur if Kilpatrick Townsend is not immediately retained, retroactive approval to the Retention Date is warranted.[2]

**Professional Compensation**

16.     The Committee understands that Kilpatrick Townsend intends to seek compensation for professional services rendered in connection with the Debtors' cases, subject to the Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's Orders, plus seek reimbursement of actual, necessary expenses and other charges that Kilpatrick Townsend incurs.

---

[2]     Courts in this district routinely approve employment of professionals *nunc pro tunc* in other chapter 11 cases. *See, e.g., In re Colt Holding Co. LLC, et al.*, Case No. 15-11296 (LSS) (Bankr. D. Del. Aug. 12, 2015); *In re Golden County Foods, Inc. et al.*, Case No. 15-11062 (KG) (Bankr. D. Del. July 9, 2015) (authorizing retention of counsel for official committee of unsecured creditors effective as of date of retention); *In re Cache, Inc., et al.*, Case No. 15-10172 (MFW) (Bankr. D. Del. Mar. 31, 2015) (same).

17. Kilpatrick Townsend has proposed to charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered. The hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged to other clients.

At the current time, Kilpatrick Townsend's hourly rates for the professionals expected to be primarily involved in the Debtors' cases range as follows:

| | |
|---|---|
| Partners | $615-$870 |
| Associates | $345-$445 |
| Paralegals | $265 |

These rates are set at a level designed to compensate the Firm fairly for the work of its professionals and to cover fixed and routine overhead expenses. Subject to approval by the Court, Kilpatrick Townsend expects that the following Kilpatrick Townsend attorneys will be primarily responsible for representing the Committee in this matter: Todd C. Meyers; Colin M. Bernardino; Matthew R. Hindman; and Lindsey D. Simon. These attorneys' current hourly rates are $870, $615, $445, and $345, respectively.

18. The Committee has also agreed that Kilpatrick Townsend will be reimbursed from the Debtors' estates, subject to the Court's approval, for all actual out-of-pocket expenses incurred by the Firm on the Committee's behalf, such as telephone and telecopier toll and other charges, express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses, as more fully set forth in the Meyers Declaration.

19. The Committee understands that Kilpatrick Townsend will charge the estates for its fees and expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and all requests for reimbursement of expenses will be consistent with

guidelines established by the Bankruptcy Court and/or the Executive Office for United States Trustees.

20. Kilpatrick Townsend has advised the Committee that it will use every effort to staff the engagement in a cost-effective manner, including utilizing the Firm's legal assistants to handle those aspects of these cases that can be best managed by a legal assistant.

## NO PRIOR REQUEST

21. No prior application for the relief requested herein has been made to this or any other court.

22. Notice of this Application is being given to (i) the United States Trustee; (ii) counsel to the Debtors; (iii) JCF AFFM Debt Holding L.P.; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the Illinois Department of Insurance; (vii) the Louisiana Department of Insurance; (viii) the New York Department of Financial Services; (ix) the Michigan Department of Insurance and Financial Services; and (x) all parties entitled to notice pursuant to Rule 2002(i) of the Bankruptcy Rules. A copy of the Application is also available on the Debtors' case website at http://www.omnimgt.com/affirmativeinsurance.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the Committee to retain and employ Kilpatrick Townsend, effective as of the Retention Date of November 2, 2015, (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated:  November 23, 2015

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AFFIRMATIVE INSURANCE HOLDINGS, INC., *ET AL.***

**By: Trapeza CDO IX, Ltd., solely in its capacity as Chair of the Committee and not in its individual capacity**

*/s/ Carolyn R. Thagard*
**Carolyn R. Thagard**
Managing Director

PAC 1210077v.1