**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AFFIRMATIVE INSURANCE HOLDINGS, INC., *et al*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 15-12136 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date: August 12, 2019 at 10:00 a.m. (ET)**<br>**Obj. Deadline: July 11, 2019 at 4:00 p.m. (ET)** |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER (I) ESTABLISHING THE DEADLINE TO FILE REQUESTS FOR PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b), (II) APPROVING FORM AND MANNER OF NOTICE THEREOF AND (III) GRANTING RELATED RELIEF**

Don A. Beskrone, the Chapter 7 Trustee (the "Trustee") for the estates (collectively, the "Estates") of the above-captioned Debtors (collectively, the "Debtors"), by and through his undersigned counsel, submits this Motion (the "Motion") for the entry of an order, pursuant to sections 105(a), 503 and 704(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1019(6) and 3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing a deadline for asserting certain Chapter 11 Administrative Claims (as defined below) against one or more of the Estates; (ii) prescribing the form and manner of notice thereof; and (iii) granting related relief. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Affirmative Insurance Holdings, Inc. (0432); Affirmative Management Services, Inc. (7252); Affirmative Services, Inc. (7255); Affirmative Underwriting Services, Inc. (7250); Affirmative Insurance Services, Inc. (8823); Affirmative General Agency, Inc. (2345); Affirmative Insurance Group, Inc. (7246); and Affirmative, L.L.C. (2347).

2. The statutory predicates for the relief requested in this Motion are sections 105(a), 503(b) and 704(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1019(6) and 3002.

**BACKGROUND**

3. On October 14, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Court entered an Order on March 10, 2016 (the "Conversion Date") [D.I. 337] converting the Debtors' cases to cases under Chapter 7 of the Bankruptcy Code. Thereafter, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the Chapter 7 Trustee in these cases, and the Trustee now serves as the trustee in these cases pursuant to 11 U.S.C. § 702(d).

**A. The Prepetition Claim Bar Date.**

5. Subsequent to conversion, on March 29, 2016, the clerk's office entered the Notice of Chapter 7 Bankruptcy Case and Proof of Claim Deadline Set (the "Notice") [D.I. 346], which established July 28, 2016 as the deadline by which all persons and entities were required to file proofs of claim against the Debtors on account of claims arising, or which were deemed to have arisen by virtue of section 501(d) of the Bankruptcy Code, prior to the Petition Date (each, a "Prepetition Claim").

6. The Notice also established a deadline of September 6, 2016 by which government units, as defined in section 101(27) of the Bankruptcy Code, were required to file proofs of claim against the Debtors on account of Prepetition Claims.

7. As of the Conversion Date, various requests for payment of Chapter 11 Administrative Claims were extant, and certain of the requests remain pending. Moreover, subsequent to the Conversion Date, pursuant to Rule 1019(5)(A)(i) of the Bankruptcy Rules and

the Conversion Order, the Debtors filed their schedule of unpaid debts (the "Schedule of Unpaid Debts") incurred after the filing of the Debtors' Bankruptcy Cases and before the Conversion Date. [D.I. 344]

8. The number and amount of potential Chapter 11 Administrative Claims against these Estates are not insubstantial. While the Trustee believes all Chapter 11 Administrative Claims are known and filed, the Trustee requires certainty as to the potential universe of Chapter 11 Administrative Claims for purposes of administering these Estates and, if possible, making interim distributions on account of allowed claims. For such reasons, the Trustee seeks the relief requested herein so that he can proceed expeditiously with the administration of the Estates.

**REQUEST FOR RELIEF**

9. By this Motion, the Trustee requests entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "Chapter 11 Administrative Claim Bar Date Order"):

(a) establishing a date (the "Chapter 11 Administrative Claim Bar Date") that is at least forty-five days (45) after the date of entry of the Chapter 11 Administrative Claim Bar Date Order as the deadline for all persons or entities, except those identified below,[2] that may assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim")[3] that arose during the period from and including October 14, 2015, through and including March 9, 2016 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period") to file requests for payment pursuant to section

[2] See ¶ 15 below.

[3] For purposes of this Motion and the proposed Chapter 11 Administrative Claim Bar Date, the defined term "Chapter 11 Administrative Claim" shall include any claims under section 503(b)(9) of the Bankruptcy Code.

503 of the Bankruptcy Code (a "Request for Payment");

(b) approving the proposed notice of the Chapter 11 Administrative Claim Bar Date attached to this Motion as **Exhibit B** (the "Chapter 11 Administrative Claim Bar Date Notice") and the proposed procedures related thereto; and

(c) granting related relief as set forth more fully below.

**A.     Service of the Bar Date Notice.**

10.     The Trustee proposes that a finalized version of the Chapter 11 Administrative Claim Bar Date Notice shall be filed by the Trustee on the dockets maintained in each of the Bankruptcy Cases no later than the date that is five (5) business days after the date of entry of the Chapter 11 Administrative Claim Bar Date Order by the Bankruptcy Court.

11.     The Trustee further proposes that the Clerk of the Bankruptcy Court shall then complete the mailing of service of the Chapter 11 Administrative Bar Claim Date Notice no later than the date that is five (5) business days after the date of filing of the Chapter 11 Administrative Claim Bar Date Notice by the Trustee, or as soon thereafter as is reasonably practicable.

12.     The Trustee further proposes that service of the Chapter 11 Administrative Claim Bar Date Notice shall be made upon the following persons and entities: (a) the U.S. Trustee; (b) all known or suspected parties that might assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors; (c) all professionals employed in the Bankruptcy Cases prior to the Conversion Date pursuant to section 327, 328 and/or 1103 of the Bankruptcy Code (collectively, the "Professionals"); (d) any person or entity that has requested service pursuant to Bankruptcy Rule 2002; and (e) all persons and entities listed on the creditor matrix maintained in these jointly administered Bankruptcy

Cases ((a) through (e) collectively, the "Chapter 11 Administrative Claim Bar Date Notice Parties") and that service of the Chapter 11 Administrative Claim Bar Date Notice by the Clerk of the Bankruptcy Court on the Chapter 11 Administrative Claim Bar Date Notice Parties in the manner proposed in this Motion shall constitute proper and sufficient notice under the circumstances.

**B. Notice to Subsequently Discovered Potential Claimants.**

13. The Trustee proposes that if, after the initial mailing of the Chapter 11 Administrative Claim Bar Date Notice as proposed above, additional parties that might assert Chapter 11 Administrative Claims are discovered by or otherwise become known to the Trustee, the Trustee be permitted to make supplemental mailings of notices containing information similar to that contained in the Chapter 11 Administrative Claim Bar Date Notice, but stating that, to be deemed timely- filed, such person and entities must file such Requests for Payment, by the later of: (a) the Chapter 11 Administrative Claim Bar Date, and (b) 5:00 p.m. (Prevailing Eastern Time) on the first business day that is at least thirty (30) days from the date a supplemental notice is mailed by the Trustee.

**C. Procedures for Filing and Serving Requests for Payment.**

14. The Trustee proposes the following procedures for filing a Request for Payment:

(a) Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.


 


(b) Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

(c) Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each Request for Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

(d) Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**

Ricardo Palacio, Esq.
David F. Cook, Esq.
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

RE: Affirmative Insurance Holdings, Inc., *et al.*, Case No. 15-12136 (CSS) Request for Payment/Chapter 11 Administrative Claim.

**If by Electronic Mail:**

rpalacio@ashbygeddes.com;
**and**
dcook@ashbygeddes.com

RE: Affirmative Insurance Holdings, Inc., *et al.*, Case No. 15-12136 (CSS) Request for Payment/Chapter 11 Administrative Claim.

15. The Trustee proposes that the following persons and entities **NOT** be required to file a Request for Payment:

(a) the U.S. Trustee, on account of any claims for fees payable pursuant to 28 U.S.C. § 1930;

(b) any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors'

                Estates in a form and manner substantially similar to that proposed in this Motion;

(c) any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date; and

(d) any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date. [4]

**D. <u>Chapter 11 Case Professionals.</u>**

16. With respect to Professionals, if any, who hold a Chapter 11 Administrative Claim for accrued and unpaid professional fees and expenses ***not approved*** by order of the Bankruptcy Court before the Chapter 11 Administrative Claim Bar Date, the Trustee proposes that such Professionals be required to file a Request for Payment as set forth above in this Motion. Thus, any Professionals whose professional fees and expenses (*i.e.* the respective Chapter 11 Administrative Claims) were previously allowed by Order of the Bankruptcy Court shall ***not*** be required to file a Request for Payment.

17. In addition, to the extent not already filed, and only to the extent applicable, the Trustee proposes that any Professionals whose fees and expenses have not previously been allowed by Order of the Bankruptcy Court also be required to file fee applications subject to notice and a hearing, as required by the Bankruptcy Code, applicable Bankruptcy Rules and local rules, and any applicable orders of the Bankruptcy Court, by the Chapter 11 Administrative Claim Bar Date. The allowance of the Professionals' fees and expenses would be considered and heard at a noticed hearing on fee applications, whether in connection with the hearing on approval of the Trustee's final report or otherwise.

---

[4] To the extent necessary, the Trustee will seek authority from the Bankruptcy Court to establish a chapter 7 administrative claim bar date at a later date.

**E.     Effect of Failure to File a Timely Request for Payment.**

18.     The Trustee requests that any potential holder of a Chapter 11 Administrative Claim against any of the Debtors' Estates who receives the Chapter 11 Administrative Claim Bar Date Notice (whether such notice was actually or constructively received) and is required, but fails, to file a Request for Payment, as applicable, in accordance with the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice, (a) shall be forever barred, estopped and enjoined from asserting such claim against any of the Debtors or their Estates and (b) shall not receive or be entitled to receive any payment or distribution of property from the Estates with respect to such Chapter 11 Administrative Claim, as applicable.

**F.     No Request for Scheduling of Hearing on Requests for Payment.**

19.     Notwithstanding section 503(b) of the Bankruptcy Code, the Trustee proposes that any Requests for Payment (and Professional fee applications) be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing. This procedure will promote judicial economy for all parties involved by eliminating unnecessary hearings on undisputed Chapter 11 Administrative Claims. To the extent a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will: (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

**G.     Sole and Exclusive Method to Assert Chapter 11 Administrative Claim.**

20.     The Trustee requests that the procedures proposed in this Motion, to the extent applicable, be the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and that all claimants asserting a Chapter 11 Administrative

Claim be prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

**BASIS FOR REQUESTED RELIEF**

21. The Trustee's primary duties are set forth in section 704 of the Bankruptcy Code, including the critical task of examining and objecting to the allowance of claims. *See* 11 U.S.C.§ 704(a)(5). Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

22. Bankruptcy Rule 1019(6), which addresses post-petition claims and pre-conversion administrative expenses, provides in part that "[a] request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) of the Code if it is filed before conversion *or a time fixed by the court*." Fed. R. Bankr. P. 1019(6) (emphasis added).

23. Although there is no explicit provision in the Bankruptcy Code that establishes a bar date for administrative claims, courts routinely set such bar dates under the general authority of section 105(a) and 503 of the Bankruptcy Code. *See, e.g., In re Aleris Int'l, Inc.*, No. 09-10478 (BLS), 2010 Bankr. LEXIS 5123, at *1 (Bankr. D. Del. Mar. 12, 2010) (granting motion to set final date for filing request for payment of certain administrative expenses); *In re LTV Steel Co.*, 288 B.R. 775, 779 (Bankr. N.D. Ohio 2002) (establishing a bar date for administrative expense claims under section 105(a) of the Bankruptcy Code "in the interest of efficiency and fairness"); *In re Reams Broadcasting Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993) (finding that consistent with the Court's power under section 105(a) of the Bankruptcy Code "is the Court's authority to set deadlines for the submission of administrative expenses"); *In re Holywell Corp.*, 68 B.R. 134, 137 (Bankr. S.D. Fla. 1986) (holding that courts have authority under section

105(a) of the Bankruptcy Code to establish administrative expense claim bar dates to provide finality to parties); *In re Jevic Holding Corp., et al.*, C.A. No. 08-11006-BLS, *Order (I) Establishing the Deadlines to File Proofs of Claims and Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (ii) Approving Form and Manner of Notice thereof and (iii) Granting Related Relief*, [D.I. 1865] (December 3, 2018).

24. Additionally, although section 503 of the Bankruptcy Code does not set a clear deadline for the submission of administrative expense requests, this provision does state that untimely submissions are authorized only if "permitted by the court for cause." 11 U.S.C. § 503(a).

25. The relief requested in this Motion, including the proposed Chapter 11 Administrative Claim Bar Date, will allow the Trustee to expeditiously determine and evaluate the Estates' liabilities. The proposed procedures are designed to assist the Trustee to accomplish this objective and administer the estates in an orderly and economic manner in compliance with the Bankruptcy Code. Without the relief requested in this Motion, the Trustee, the Estates, creditors and other parties in interest will face delay in the claim reconciliation process and prolonged uncertainty regarding the Estates' liabilities.

26. Moreover, the procedures proposed in this Motion will provide holders of Chapter 11 Administrative Claims with ample notice and opportunity to assert their claims in accordance with a clear and fair process aimed at achieving administrative and judicial efficiency. In particular, the proposed procedures include detailed filing instructions that are intended to avoid confusion or uncertainty among potential holders of Chapter 11 Administrative Claims that might result in the filing of unnecessary requests for payment and thereby increase expense and delay in the claims reconciliation process for all parties.

27. Based on the foregoing, the Trustee respectfully submits that the relief requested in this Motion should be granted.

**NOTICE**

28. Notice of this Motion shall be given to: (a) the U.S. Trustee; (b) all known or suspected parties that might assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors; (c) the Professionals; and (d) any person or entity that has requested service pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice need be provided.

**RESERVATION OF RIGHTS**

29. Nothing contained in this Motion or any actions taken by the Trustee pursuant to the relief to be granted in the Chapter 11 Administrative Claim Bar Date Order is intended or should be construed as: (a) an admission as to the validity, status, amount or priority of any particular claim asserted against one or more of the Debtors or their Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; or (e) a waiver or limitation of the Trustee's rights under the Bankruptcy Code or any other applicable law.

-Remainder of Page Left Intentionally Blank-

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court: (i) approve the relief requested in this Motion; (ii) enter the proposed Chapter 11 Administrative Claim Bar Date Order attached to this Motion as **Exhibit A** in each of the Bankruptcy Cases; and (iii) grant such other and further relief that the Bankruptcy Court deems just and proper.

Dated: June 20, 2019
      Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

 */s/ David F. Cook*
Ricardo Palacio (#3765)
David F. Cook (#6352)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
rpalacio@ashbygeddes.com
dcook@ashbygeddes.com

*Counsel for Don A. Beskrone, Chapter 7 Trustee*