# **EXHIBIT A**

### **(Proposed Order)**

{00138624;v1 }

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AFFIRMATIVE INSURANCE HOLDINGS, INC., *et al*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 15-12136 (CSS)<br>(Jointly Administered)<br><br>**Related D.I. _____** |

**ORDER (I) ESTABLISHING THE DEADLINE TO FILE REQUESTS FOR PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b), (II) APPROVING FORM AND MANNER OF NOTICE THEREOF AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of Chapter 7 Trustee, Don A. Beskrone, for an Order (i) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (ii) Approving Form and Manner of Notice thereof and (iii) Granting Related Relief* (the "Motion")[2] filed by Don A. Beskrone, the duly appointed Chapter 7 Trustee (the "Trustee") for the estates (collectively, the "Estates") of the above-captioned Debtors (collectively, the "Debtors"), and requesting entry of an order, pursuant to sections 105(a), 503 and 704(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1019(6) and 3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing a deadline for asserting certain Chapter 11 Administrative Claims (as defined below) against one or more of the Estates; (ii) prescribing the form and manner of notice thereof; and (iii) granting related relief; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Affirmative Insurance Holdings, Inc. (0432); Affirmative Management Services, Inc. (7252); Affirmative Services, Inc. (7255); Affirmative Underwriting Services, Inc. (7250); Affirmative Insurance Services, Inc. (8823); Affirmative General Agency, Inc. (2345); Affirmative Insurance Group, Inc. (7246); and Affirmative, L.L.C. (2347).

[2] Capitalized terms used, but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

{01454394;v2 }

or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, the Estates and their creditors; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED and DECREED that:

1. The Motion is GRANTED.

2. **The Chapter 11 Administrative Claim Bar Date**. The deadline for all persons or entities (except as otherwise provided in this Order) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim") that arose during the period from and including October 14, 2015, through and including March 9, 2016 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period") to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be _____, at _____ **(Prevailing Eastern Time)** (the "Chapter 11 Administrative Claim Bar Date").

3. **The Bar Date Notice**. The proposed notice of the Chapter 11 Administrative Claim Bar Date attached to the Motion as **Exhibit B** (the "Chapter 11 Administrative Claim Bar Date Notice") is APPROVED.

**A. Service of the Bar Date Notice.**

4. The Trustee shall file a finalized version of the Chapter 11 Administrative Claim Bar Date Notice on the dockets maintained in each of the Bankruptcy Cases no later than the date that is five (5) business days after the date of entry of this Order.

5. The Clerk of the Bankruptcy Court shall cause the mailing of service of the

Chapter 11 Administrative Claim Bar Date Notice to be completed no later than the date that is five (5) business days after the date of filing of the Chapter 11 Administrative Claim Bar Date Notice by the Trustee, or as soon thereafter as is reasonably practicable.

      6.      Service of the Chapter 11 Administrative Claim Bar Date Notice shall be made upon the following persons and entities: (a) the U.S. Trustee; (b) all known or suspected parties that might assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors; (c) all professionals employed in the Bankruptcy Cases prior to the Conversion Date pursuant to section 327, 328 and/or 1103 of the Bankruptcy Code (collectively, the "Professionals"); (d) any person or entity that has requested service pursuant to Bankruptcy Rule 2002; and (e) all persons and entities listed on the creditor matrix maintained in these jointly administered Bankruptcy Cases ((a) through (e) collectively, the "Chapter 11 Administrative Claim Bar Date Notice Parties"). Service of the Chapter 11 Administrative Claim Bar Date Notice by the Clerk of the Bankruptcy Court on the Chapter 11 Administrative Claim Bar Date Notice Parties in the manner set forth above shall constitute proper and sufficient notice under the circumstances.

**B.**      **Notice to Subsequently Discovered Potential Claimants.**

      7.      If, after the initial mailing of the Chapter 11 Administrative Claim Bar Date Notice as set forth above, additional parties that might assert Chapter 11 Administrative Claims are discovered by or otherwise become known to the Trustee, the Trustee is permitted to make supplemental mailings of notices containing information similar to that contained in the Chapter 11 Administrative Claim Bar Date Notice, but stating that, to be deemed timely-filed, such persons and entities must file Requests for Payment by the later of: (a) the Chapter 11 Administrative Claim Bar Date, and (b) 5:00 p.m. (Prevailing Eastern Time) on the first

business day that is at least thirty (30) days from the date a supplemental notice is mailed by the Trustee.

**C.    Procedures for Filing and Serving Requests for Payment.**

    8.    The following procedures for filing a Request for Payment are APPROVED:

(a)    Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

(b)    Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

(c)    Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each Request for Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

(d)    Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**

Ricardo Palacio, Esq.
David F. Cook, Esq.
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

    RE:    Affirmative Insurance Holdings, Inc., *et al.*, Case No. 15-12136 (CSS) Request for Payment/Chapter 11 Administrative Expense Claim.

{01454394;v2 }    4

>**If by Electronic Mail:**
>
>rpalacio@ashbygeddes.com;
>**and**
>dcook@ashbygeddes.com
>
>>RE:  Affirmative Insurance Holdings, Inc., *et al.*, Case No. 15-12136 (CSS) Request for Payment/Chapter 11 Administrative Expense Claim

**D.     Persons and Entities Not Required to File a Request for Payment.**

>(a)     the U.S. Trustee, on account of any claims for fees payable pursuant to 28 U.S.C. § 1930;
>
>(b)     any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors' Estates in a form and manner substantially similar to that proposed in this Motion;
>
>(c)     any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date; and
>
>(d)     any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date.[3]

**E.     Chapter 11 Case Professionals.**

9.     With respect to Professionals, if any, who hold a Chapter 11 Administrative Claim for accrued and unpaid professional fees and expenses ***not approved*** by order of the Bankruptcy Court before the Chapter 11 Administrative Claim Bar Date, such Professionals are required to file a Request for Payment as set forth above in this Order.  Thus, any Professionals whose professional fees and expenses (*i.e.* the respective Chapter 11 Administrative Claims) were previously allowed by an Order of the Bankruptcy Court shall

---

[3] To the extent necessary, the Trustee will seek authority from the Bankruptcy Court to establish a chapter 7 administrative claim bar date at a later date.

{01454394;v2 }                                           5

*not* be required to file a Request for Payment.

10. In addition, to the extent not already filed, and only to the extent applicable, the Trustee proposes that any Professionals whose fees and expenses have not previously been allowed by Order of the Bankruptcy Court also be required to file fee applications subject to notice and a hearing, as required by the Bankruptcy Code, applicable Bankruptcy Rules and local rules, and any applicable orders of the Bankruptcy Court, by the Chapter 11 Administrative Claim Bar Date. The allowance of the Professionals' fees and expenses would be considered and heard at a noticed hearing on fee applications, whether in connection with the hearing on approval of the Trustee's final report or otherwise.

F. **Effect of Failure to File a Timely Request for Payment.**

**11. ANY POTENTIAL HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR PAYMENT, AS APPLICABLE, IN ACCORDANCE WITH THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE ORDER AND THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE, (A) SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEIR ESTATES AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE ESTATES WITH RESPECT TO SUCH CHAPTER 11 ADMINISTRATIVE CLAIM, AS APPLICABLE.**

**G.    No Request for Scheduling of Hearing on Requests for Payment.**

12.    Notwithstanding section 503(b) of the Bankruptcy Code, the Trustee proposes that any Requests for Payment (and Professional fee applications) be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing. This procedure will promote judicial economy for all parties involved by eliminating unnecessary hearings on undisputed Chapter 11 Administrative Claims. To the extent a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will: (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

**H.    Sole and Exclusive Method to Assert Chapter 11 Administrative Claim.**

13.    The procedures set forth and approved in this Order, to the extent applicable, are the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and all claimants asserting a Chapter 11 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

14.    The Trustee reserves fully all rights, defenses, and arguments respecting any Chapter 11 Administrative Claim that may be asserted against any of the Debtors' Estate(s).

15.    The Trustee and the Clerk of the Bankruptcy Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

16.    The Bankruptcy Court shall retain jurisdiction over any and all matters arising

from or related to the interpretation or implementation of this Order.

{01454394;v2 }       8