# EXHIBIT B

**(Chapter 11 Administrative Claim Bar Date Notice)**

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AFFIRMATIVE INSURANCE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 15-12136 (CSS)<br>(Jointly Administered)<br><br>**Related D.I.** |

**NOTICE OF DEADLINE TO FILE REQUESTS FOR PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ESTATES OF THE FOLLOWING CHAPTER 7 DEBTORS:**

| DEBTOR | CASE NUMBER |
|---|---|
| Affirmative Insurance Holdings, Inc. | 15-12136 (CSS) |
| Affirmative Management Services, Inc. | 15-12137 (CSS) |
| Affirmative Services, Inc. | 15-12138 (CSS) |
| Affirmative Underwriting Services, Inc. | 15-12139 (CSS) |
| Affirmative Insurance Services, Inc. | 15-12140 (CSS) |
| Affirmative General Agency, Inc. | 15-12141 (CSS) |
| Affirmative Insurance Group, Inc. | 15-12142 (CSS) |
| Affirmative, L.L.C. | 15-12143 (CSS) |

     **PLEASE TAKE NOTICE** that Affirmative Insurance Holdings, Inc., Affirmative

Management Services, Inc., Affirmative Services, Inc., Affirmative Underwriting Services,

Inc., Affirmative Insurance Services, Inc., Affirmative General Agency, Inc., Affirmative

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Affirmative Insurance Holdings, Inc. (0432); Affirmative Management Services, Inc. (7252); Affirmative Services, Inc. (7255); Affirmative Underwriting Services, Inc. (7250); Affirmative Insurance Services, Inc. (8823); Affirmative General Agency, Inc. (2345); Affirmative Insurance Group, Inc. (7246); and Affirmative, L.L.C. (2347).

Insurance Group, Inc., and Affirmative, L.L.C. (collectively, the "Debtors") commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court entered an Order on March 10, 2016 (the "Conversion Date") [D.I. 337], converting the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Office of the United States Trustee for the District of Delaware has appointed Don A. Beskrone as the Chapter 7 Trustee (the "Trustee") for the Debtors' estates (the "Estates") and the Trustee now serves as the trustee in these cases pursuant to 11 U.S.C. § 702(d).

**PLEASE TAKE FURTHER NOTICE** that, on _____, 2019, the Bankruptcy Court entered the *Order (i) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (ii) Approving Form and Manner of Notice thereof and (iii) Granting Related Relief* [D. I._] (the "Chapter 11 Administrative Claim Bar Date Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Chapter 11 Administrative Claim Bar Date Order:

The deadline for all persons or entities (except as otherwise provided in the Chapter 11 Administrative Claim Bar Date Order) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim") that arose during the period from and including October 14, 2015, through and including

March 9, 2016 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period") to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be _____, at _____. **(Prevailing Eastern Time)** (the "Chapter 11 Administrative Claim Bar Date").

**You should consult an attorney if you have any questions, including whether to file a Request for Payment. If you have any questions with respect to this Notice, you may contact undersigned counsel for the Trustee.**

**I.     WHO MUST FILE A REQUEST FOR PAYMENT.**

You **MUST** file a Request for Payment in accordance with the procedures approved by the Bankruptcy Court and set forth in this Notice in order to assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period, and it is not a claim described in Section II below.

**II.     WHO IS NOT REQUIRED TO FILE A REQUEST FOR PAYMENT.**

The following persons and entities are **not** required to file a Request for Payment:

(a)     the U.S. Trustee, on account of any claims for fees payable pursuant to 28 U.S.C. § 1930;

(b)     any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors' Estates in a form and manner substantially similar to that proposed in this Motion;

(c)     any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date; and

(d)     any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date.[3]

---

[3] To the extent necessary, the Trustee will seek authority from the Bankruptcy Court to establish a chapter

**You should not file a Request for Payment if you do not have a Chapter 11 Administrative Claim against any of the Debtors' Estates. Your receipt of this Notice does not mean that you have a Chapter 11 Administrative Claim (or any claim) or that the Trustee or the Bankruptcy Court believes that you have a Chapter 11 Administrative Claim (or any claim).**

**III.    HOW TO FILE AND SERVE REQUESTS FOR PAYMENT.**

To file a Request for Payment, a party asserting a Chapter 11 Administrative Claim must follow the procedures set forth below:

(a)    Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

(b)    Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

(c)    Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date.  Additionally, each Request for Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

(d)    Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**

---

7 administrative claim bar date at a later date.

Ricardo Palacio, Esq.
David F. Cook, Esq.
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

> RE:    Affirmative Insurance Holdings, Inc., *et al*.,
> Case No. 15-12136 (CSS) Request for
> Payment/Chapter 11 Administrative Claim.

**If by Electronic Mail:**

rpalacio@ashbygeddes.com;
**and**
dcook@ashbygeddes.com

> RE:    Affirmative Insurance Holdings, Inc., *et al*.,
> Case No. 15-12136 (CSS) Request for
> Payment/Chapter 11 Administrative Expense
> Claim.

## IV.    CHAPTER 11 CASE PROFESSIONALS.

With respect to Professionals who hold a Chapter 11 Administrative Claim for accrued and unpaid professional fees and expenses ***not approved*** by order of the Bankruptcy Court before the Chapter 11 Administrative Claim Bar Date, such Professionals are required to file a Request for Payment as set forth above in this Notice and in the Chapter 11 Administrative Claim Bar Date Order.  Thus, any Professionals whose professional fees and expenses (*i.e.* the respective Chapter 11 Administrative Claims) were previously allowed by Order of the Bankruptcy Court shall ***not*** be required to file a Request for Payment.

In addition, to the extent not already filed, and only to the extent applicable, all Professionals are required file fee applications subject to notice and a hearing, as required by the Bankruptcy Code, applicable Bankruptcy Rules and local rules, and any applicable orders of the Bankruptcy Court, by the  Chapter 11 Administrative Claim Bar Date. The

allowance of the Professionals' fees and expenses shall be considered and heard at a noticed hearing on fee applications, whether in connection with the hearing on approval of the Trustee's final report or otherwise.

**V.      EFFECT OF FAILURE TO FILE A TIMELY REQUEST FOR PAYMENT.**

**ANY POTENTIAL HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR PAYMENT, AS APPLICABLE, IN ACCORDANCE WITH THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE ORDER AND THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE, (A) SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEIR ESTATES AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE ESTATES WITH RESPECT TO SUCH CHAPTER 11 ADMINISTRATIVE CLAIM, AS APPLICABLE.**

**VI.      NO REQUEST FOR SCHEDULING OF HEARING ON REQUESTS FOR PAYMENT.**

Notwithstanding section 503(b) of the Bankruptcy Code, the Trustee proposes that any Requests for Payment (and Professional fee applications) be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing. This procedure will promote judicial economy for all parties involved by eliminating

unnecessary hearings on undisputed Chapter 11 Administrative Claims. To the extent a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will: (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

## VII. SOLE AND EXCLUSIVE METHOD TO ASSERT CHAPTER 11 ADMINISTRATIVE CLAIM.

The procedures set forth in this Notice are the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and all claimants asserting a Chapter 11 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

## VII. RESERVATION OF RIGHTS.

Nothing contained in this Motion or any actions taken by the Trustee pursuant to the relief to be granted in the Chapter 11 Administrative Claim Bar Date Order is intended or should be construed as: (a) an admission as to the validity, status, amount or priority of any particular claim asserted against one or more of the Debtors or their Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; or (e) a waiver or limitation of the Trustee's rights under the Bankruptcy Code or any other applicable law.

Dated:   June __, 2019
Wilmington, Delaware

**ASHBY & GEDDES**

*/s/ David F. Cook*
Ricardo Palacio (#3765)
David F. Cook (#6352)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
rpalacio@ashbygeddes.com
dcook@ashbygeddes.com

*Counsel for Don A. Beskrone,*
*Chapter 7 Trustee*